UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-59-KKC

THOMAS MARMOLEJOS                                                                        PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

MICHAEL B. MUKASEY, ET AL.                                                         RESPONDENT

Thomas Marmolejos is currently confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") which located in Inez, Kentucky. Marmolejos has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. He has paid the $5.00 filing fee [Record No. 5].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A district court may dismiss a § 2241 petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## RESPONDENTS

The petitioner names Michael B. Mukasey, United States Attorney General, and Hector Rios, the Warden of USP-Big Sandy, as the respondents in this action. The warden of the facility at which the petitioner is currently serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-43, and is the only appropriate respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

## CLAIMS

The petitioner filed a § 2241 petition in excess of 100 pages. He claims that under the Fifth Amendment of the United States Constitution, the respondent has no authority to hold him in custody. He argues that Title 18 of the United States Code, which governs "Crimes and Criminal Procedure," was not legally enacted in 1948. He claims that because of this defective law-making process, the lengthy criminal sentence imposed against him, for violation of a provision of Title 18, is void.

## ALLEGATIONS OF THE § PETITION
### 1. Conviction and §2255 Motion

Marmolejos provides limited information about his federal criminal conviction. He states only that he received a life sentence on September 19, 2002, in the United States District Court for the Southern District of New York, ("the trial court"). After resorting to the Public Access to Court Electronic Records ("PACER") website, this Court has located the relevant information pertaining to Petitioner Marmolejos' conviction and various post-conviction challenges. The

petitioner was indicted in the trial court in *United States of America v. Thomas Marmolejos et al*, 1:99-CR-01048-3 (Hon. Denny Chin, presiding).

On February 1, 2002, a jury convicted the petitioner of several serious federal offenses: (1) Interference with Commerce by Threat (18 U.S.C. § 1951); (2) Racketeering and Murder (18 U.S.C. §§ 1958-7471); (3) Conspiracy to Distribute Controlled Substance (21 U.S.C. § 846); and, (4) Commission of a Violent Crime Using a Firearm (18 U.S.C. 942(c)).

On October 11, 2002, the trial court sentenced the petitioner to a term of life imprisonment; a term of 240 months to be served concurrent to the life imprisonment term; a term of 120 months to be served consecutive to the life imprisonment term; and a 36 month term of supervised release [Trial Court Docket Entry No. 63]. On appeal, the petitioner's conviction was affirmed on several grounds. *See United States v. Marmolejas*, 112 Fed. Appx. 779 (2nd Cir., October 27, 2004) (modified opinion) (Not selected for Publication in Federal Reporter).

On December 22, 2005, the petitioner filed a motion in the trial court, under 28 U.S.C. § 2255, to set aside his conviction, citing three allegations of ineffective assistance of counsel under the Sixth Amendment of the United States Constitution.[1] On September 15, 2006, the trial court entered an eighteen-page Memorandum Decision denying the § 2255 motion [Trial Court Docket No. 108]. In that Memorandum Decision, the trial court addressed the petitioner's three Sixth Amendment claims and explained why all of them lacked merit.

---

[1] On April 22, 2004 (two years after the petitioner was convicted), his trial counsel, Valerie Amsterdam, was indicted in the United States District Court for Northern District of New York for crimes relating to the fraudulent billing of the government for Criminal Justice Act fees. The conduct related to her representation of five criminal defendants, none of whom were the petitioner. A year later, on April 4, 2005, Amsterdam pled guilty to conspiracy to defraud the United States.

3

Sometime between September 15, 2006 and November 7, 2006, the petitioner apparently filed a motion to set aside his conviction and sentence on the grounds that the judgment was "void" and that and that the trial court lacked subject matter jurisdiction. That argument appears to be essentially the same argument which he advances in the instant § 2241 petition. The Court can not be sure when the petitioner's motion for relief from judgment was filed, because it is not listed on the trial court docket sheet.

The next recorded entry in the trial court docket sheet is an Order, dated November 7, 2006, in which the trial court denied the motion for relief from judgment [*See* Order, Trial Court Docket No. 114].[2] The trial court later declined to issue a certificate of appealability [Trial Court Docket No. 120, 2/28/07].

As best as this Court can ascertain from the trial court docket sheet, that appeal is still pending in the Second Circuit Court of Appeals and was pending as of March 21, 2008, despite some delay encountered due to possible clerical errors. The petitioner filed the instant § 2241 petition in this Court on March 21, 2008.

---

[2] This Court was not able to review the Court's November 7, 2006 Order (denying the motion for relief) by way of hyperlink through the PACER system. The docket sheet from the trial court does contain what appears to be an excerpt from the Order, which excerpt reads as follows:

> Pro se petitioner Thomas Marmolejas moves to set aside the judgment of conviction in the underlying criminal case on the ground that the judgment is a "void judgment" because the Court lacked subject matter jurisdiction to issue it. He bases his claim on the argument that 18 USC Sec 3231, the statute conferring jurisdiction over his case, is invalid and unconstitutional because it was not properly enacted by Congress.... While this claim has never been addressed by the Second Circuit, it has been advanced in many courts and uniformly rejected.... Furthermore, the Supreme Court has cited and accepted Sec 3231 as valid many times. *See*, *e.g.*, *Tafflin v. Levitt*, 493 U.S. 455 (1990). Accordingly, the motion is denied. **SO ORDERED**.

[Trial Court Docket Sheet Notation, Entry No. 114].

4

2. Petitioner's Legal Argument

Petitioner Marmolejos has filed a 120-page petition for writ of habeas corpus in which he alleges that 18 U.S.C. § 3231, the statute which conferred jurisdiction in the trial court over his criminal charges, was never properly enacted by Congress. The § 2241 petition consists of almost one hundred- thirty pages of material which the petitioner is asking the Court to review and consider.

Summarized, the petitioner contends that the trial court did not have jurisdiction to prosecute him for the crimes of which he was convicted in 2002. He claims that because Public Law 80-772 was never voted into law by the Senate during any session of the 80th Congress, and because the House then adjourned twice *sine die*, the bill died.[3] He contends that as a result of that, Title 18 of the United States Code was not legally passed into law in 1948, being void *ab initio* because it was signed into law after Congress was adjourned, which he claims is unlawful.

DISCUSSION
1. Challenge to Passage of Title 18 Lacks Merit

The Court must reject the petitioner's argument that 18 U.S.C. § 3231 is invalid because it was not properly enacted by Congress back in 1948. In the recent past, this very claim has been raised by other federal inmates in other federal courts. These federal courts have found such after-the-fact jurisdictional challenges as devoid of merit.

The Court will list these cases and briefly summarize the first few listed: *United States v. Martinez*, 2006 WL 1293261 (S. D. Tex., May 6, 2006)(Unpublished) (the July 1947 recess

---

[3] Public Law 80-773 formed the basis for the codification of the habeas corpus statutes, 28 U.S.C. § 2241 through 28 U.S.C. § 2255.

was not an intrasession recess, but an intersession recess; hence, the adjournment was not *sine die*, so as to kill all unpassed bills; because the July 1947 adjournment was to a date certain, it was not *sine die*; consequently, the adjournment after the House passage did not kill the bill); *Mims v. United States*, 2006 WL 2559534 (E. D. Tex. 2006) (Not reported in F. Supp. 2d) (adopting Report & Recommendation of Magistrate Judge) (adopting rationale of *Martinez* and dismissing § 2241 petition via challenge to the implementation of 18 U.S.C. § 3231); *Derleth v. United States*, 2006 WL 1804618 (Unpublished) (finding no constitutional requirement that bills passed by one chamber of Congress before an inter-session adjournment of the same Congress be voided; the rules of Congress, both currently and in the 80th Congress, suggest that legislative business generally continues between sessions of the same Congress as though no adjournment had taken place, citing to Senate Rule XXXII, S. Doc. No. 80-11, at 44 (1947) and Rules of the House of Representatives Rule XXVI, H.R. Doc. 79-769, at 433 (1947)(referring to unfinished business before committees, but, discussing other business in notes accompanying the rule)); *United States v. Risquet*, 426 F. Supp.2d 310, 311 (E. D. Pa.2006), (the 1948 amendment to Section 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948, and that the amendment and statute was "properly enacted and binding."); and *Jones v. Unknown Warden*, 2006 WL 389833 (E. D. Mo., February 17, 2006) (unpublished);

In addition to the overwhelming authority from the afore-mentioned decisions, this Court has also rejected the same argument which petitioners have raised in the past. *See Watford v. Gonzales et al*, Lexington No. 06-CV-328 (Hon. Joseph M. Hood, presiding); [*See* Order,

Record No. 10, rejecting challenge to 1948 passage of statute and dismissing]; *Gary Hall v. Alberto Gonzales*, Pikeville No. 07-06 (Hon. Gregory F. Van Tatenhove, presiding) (dismissed on February 7, 2007); *Gerald L. Campbell v. Alberto Gonzales*, *et al.*, Pikeville Civil Action No. 07-36 (Hon Gregory F. Van Tatenhove, presiding) (same as dismissal order entered in *Hall*, 07-CV-06); and *Dennis Michael Pickle v. Warden Stine*, London Civil Action No. 6:07-CV-119 (Hon. Danny C. Reeves, presiding) (dismissing on same grounds as *Hall*).

<u>Relief under §2241 Not Warranted</u>

Petitioner Marmolejos is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the trial court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th

Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

The current challenge to the BOP's authority to hold prisoners for service of their sentences purportedly arose in 1948. There is little chance that any petitioner raising such a claim could meet this inadequate and ineffective standard. Any person sentenced after 1948 could have raised the claim at his sentencing, on a direct appeal of that sentence, or via a §2255 motion still later.

Here, as noted, on November 6, 2006, the trial court flatly rejected the very same argument which Marmolejos is raising in this § 2241 petition. While the appeal of the trial court's November 6, 2006 decision appears to be pending at this time, the weight of the authority indicates that Petitioner Marmolejos will not prevail in that appeal. Having had adequate and effective opportunities to assert the instant claim earlier, and having lost in that effort, Petitioner Marmolejos may not proceed to do so under this Court's §2241 jurisdiction.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Petitioner Thomas Marmolejos' petition for writ of habeas corpus [record No. 2] is **DENIED**.

(2) This action shall be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondents.

Dated this 16th day of April, 2008.

Signed By:
*Karen K. Caldwell*
United States District Judge